UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS JIMENEZ SANCHEZ,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-07848-DC-CKD (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 2) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

Noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026). Further, this court has previously addressed the legal issues raised by Count One of the petition. (Doc. No. 1 at 6.) Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v.*

*Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On September 28, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 5.) The court also directed Respondent to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.* (*Id.*)

On September 30, 2026, Respondent filed an opposition to Petitioner's motion for temporary restraining order in which he opposes Petitioner's motion on the same grounds as those addressed by the court in the aforementioned cases, but failed to "substantively address whether there are any factual or legal issues in this case that materially distinguish it" from *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.* (*See* Doc. No. 5.) Respondent did, however, acknowledge that under the binding precedent set forth under *Rodriguez Vazquez*, Petitioner's detention is governed by § 1226(a). (Doc. No. 6 at 1.) Additionally, Respondent did not affirmatively oppose the court ruling on the underlying petition. (*Id.*) Given that Petitioner is proceeding *pro se* and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition.

/////

/////

/////

/////

/////

Because Respondent has not made any new legal arguments and has not identified any factual[1] or legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in the court's order in *Altin*.[2] Further, as the court found in *Altin*, the proper remedy for Respondent's failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *Id.* at 12–13.

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:

    a. Petitioner Juan Carlos Jimenez Sanchez (A-078-040-279) shall be RELEASED IMMEDIATELY from Respondent's custody with the same conditions he was subject to immediately prior to his detention in August 2026. Respondent shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

    b. Respondent shall RETURN all of Petitioner's documents and possessions

---

[1] Respondent attaches Petitioner's relevant Form I-213 which suggests that Petitioner was detained by immigration authorities in August 2026 after serving a sentence for driving while intoxicated. (Doc. No. 6-1 at 2.) Respondent provides no information, explanation, or argument about the implications of that conviction on this case, if any. (Doc. No. 6.) *See Lucas-Roblero v. Warden*, No. 1:26-cv-06366-DC-CKD, Doc. No. 7 (E.D. Cal. Aug 13, 2026) (finding that the respondents did not distinguish the petitioner's case from this court's prior decisions ordering release where the respondents made no argument as to the petitioner's arrest alleged only in the Form I-213).

[2] Because the court is granting the petition on the due process claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

(e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondent shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 1, 2026**

Dena Coggins
United States District Judge